UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRIAN HANCOCK,                                          Case No. 1:15-cv-198

        Plaintiff,                                       Beckwith, J.
                                                         Bowman, M.J.
   v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

**REPORT AND RECOMMENDATION**

**I.   Background and pending motion**

Plaintiff Brian Hancock filed this Social Security appeal in order to challenge the Defendant's finding that he is not disabled.  *See* 42 U.S.C. §405(g).  On June 28, 2016, the undersigned recommended that this case be reversed and remanded under sentence four for further development of the administrative record, or alternatively, that the case be remanded under sentence six.  (Doc. 16).  Neither party objected to the recommendation, which the Court adopted, reversing and remanding under sentence four.  (Doc. 17).

On October 17, 2016, Plaintiff timely filed a motion seeking attorney's fees under the Equal Access for Justice Act.  Defendant has filed no timely response, and I now recommend that the motion be GRANTED.

**II.   Analysis**

The EAJA provides for an award to any "prevailing party" of "fees and other expenses…in any civil action…brought by or against the United States."  28 U.S.C.

1

§2412(d)(1)(A). Fees generally are awarded as long as the position of the Commissioner was not "substantially justified." *Id.*, at §2412(d)(1)(B). The prior R&R, as well as the lack of any opposition from the Commissioner to the proposed award of fees, confirms the propriety of an EAJA award in this case.

The determination of a "reasonable" fee necessarily involves the exercise of some discretion, both by the billing attorney and by this Court. *See* 28 U.S.C. §2412(d)(1)(D)(limiting award to "reasonable attorney fees" including "prevailing market rates for the kind and quality of the services furnished."); *Commissioner v. I.N.S. v. Jean*, 496 U.S. 154, 165-166 (1990)(The EAJA "provides district courts discretion to adjust the amount of fees for various portions of the litigation, guided by reason and statutory criteria."). Under the express language of the EAJA, it is the Plaintiff's burden to prove that the fees requested under the EAJA are, in fact, "reasonable." *See also Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

Plaintiff has offered strong support for the claimed fee in this case, which represents an efficient use of 16.0 hours of attorney time in this Court.

The statutory hourly rate for an EAJA award is $125.00 per hour. However, this Court has frequently awarded much higher hourly rates in recognition of the increase in the cost of living, so long as properly supported. *See Bryant v. Com'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). Here, Plaintiff seeks an hourly rate of $170.00, and has provided ample support for the increase to the statutory rate that counsel seeks.

Having determined that both the number of hours claimed and the hourly rate are objectively "reasonable" on the record presented, the undersigned will recommend that counsel's full claimed fee be awarded.

The only other issue to be determined concerns whether to make the award payable to counsel, or to Plaintiff. In *Astrue v. Ratliff,* 130 S. Ct. 2521 (2010), the Supreme Court held that EAJA fees are payable to plaintiffs, not their counsel. *Id.* at 2525. Because the fees are payable to Plaintiff, they are subject to offset if the Plaintiff owes a debt to the United States. Additionally, plaintiffs frequently assign future EAJA fee awards to their attorneys. Although whether a particular plaintiff owes a debt to the United States, or whether a plaintiff has made a valid contractual assignment of a fee award to counsel are both issues that may impact a particular plaintiff's receipt of an EAJA fee award, those issues are not presently before this Court.

Because the referenced issues are not before this Court, "the proper course is to award fees directly to plaintiff and remain silent as to the direction of those fees." *Oliver v. Com'r of Soc. Sec.*, 916 F.Supp.2d 834, 838 (S. D. Ohio 2013)(collecting cases); *see also Cox v. Astrue*, 917 F. Supp.2d 659 (E.D. Ky. 2013)(holding that under *Ratliff*, fees should be paid to litigants regardless of whether the Commissioner shows that the plaintiff owes a federal debt or not). The fee award authorized by this Report and Recommendation neither bars the United States from honoring a valid assignment, nor prevents it from disputing it.

### III. Conclusion and Recommendation

For the reasons discussed herein, **IT IS RECOMMENDED THAT**:

1. Plaintiff's motion seeking a fee award under the EAJA (Doc. 19) should be **GRANTED**;

2. Plaintiff should be awarded the total sum of $3,120.00, representing an attorney fee that reflects a reasonable number of hours (16) at a reasonable hourly rate ($170.00), plus $400.00 in reimbursement of the filing fee.

                                                                                              */s Stephanie K. Bowman*
                                                                                              Stephanie K. Bowman
                                                                                              United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

BRIAN HANCOCK,  Case No. 1:15-cv-198

       Plaintiff,  Beckwith, J.
  Bowman, M.J.
  v.

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).