**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| BRIAN HANCOCK, | Case No: 1:15-cv-198 |
| Plaintiff, | Barrett, J. |
| v. | Bowman, M.J. |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**REPORT AND RECOMMENDATION**

Plaintiff Brian Hancock filed this Social Security appeal to challenge the Defendant's non-disability finding. In July 2016, the Court reversed and remanded for further review under sentence four of 42 U.S.C. §405(g). (Docs. 16, 17). In December 2016, the Court awarded Plaintiff attorney's fees under the Equal Access to Justice Act ("EAJA"). (Docs. 20, 21).

On July 13, 2018, Plaintiff's counsel filed a motion with this Court seeking an additional award of attorney's fees pursuant to 42 U.S.C. §406(b). Plaintiff's motion alluded to two Notices of Award, dated August 29, 2017 and September 19, 2017 as attached, but failed to attach the referenced documents. (Doc. 23 at 2, n.1). Therefore, on August 30, 2018, the undersigned directed counsel to supplement his motion for fees by filing the missing attachments. (Doc. 25).

The same Order alerted counsel to the presumed untimeliness of his motion for fees:

> Local Rule 54.2(b) specifies that a motion for attorney's fees under the Social Security Act must be filed in this Court <u>within forty-five days of the Notice of Award</u>. In addition, an award of fees under 42 U.S.C. § 406(b) must be reviewed by this Court to ensure that it is "reasonable." *See Ringel*

> *v. Com'r of Soc. Sec.*, 295 F. Supp.3d 816 (S.D. Ohio 2018). The untimeliness of a motion may result in the denial of attorney's fees. *See e.g., McCluskey v. Com'r of Soc. Sec.*, 2016 WL 6836353 (S.D. Ohio Nov. 16, 2016); *Iames v. Com'r*, 2017 WL 574931 (S.D. Ohio Jan 25, 2017), adopted at 2017 WL 567939 (S.D. Ohio Feb. 13, 2017).
>
> Although the Commissioner has filed no response to Plaintiff's motion, this Court cannot determine whether the requested fee is both timely and reasonable absent the missing attachments to the motion.

(*Id.*, emphasis original).

On September 5, 2018, counsel filed the missing attachments to his original motion. The documents confirm the dates of the Notices of Award and correspondingly, also confirm that counsel's motion for fees is more than six months out of time. Counsel's response to the Court's order offered only the missing documents; no additional statement has been included to explain his violation of Local Rule 54.2(b).

Additional fees beyond the EAJA fees already awarded in this case may be granted only if this Court independently determines that the fee sought is timely and reasonable. Unlike EAJA fees paid by the agency, fees awarded under 42 U.S.C. §406(b) are paid to the attorney directly from the disabled individual's benefits.

The undersigned notes that the same counsel has been expressly warned in a prior case that any future failure to comply with the time limitations of L.R. 54.2(b) likely would result in a significant reduction, if not the outright denial of his fee. In fact, to emphasize its point this Court ordered this attorney "to explicitly address the issue of timeliness in any current or future pending § 406(b) motions filed in this Court." *See Rabong v. Commissioner*, Case No. 1:14-cv-811-SJD-SKB. (Docs. 22, 23). Counsel clearly failed to comply with the prior Order in this case.[1] The undersigned strongly

---

[1] Despite failing to address the issue in his §406(b) motion as directed, counsel expressly included a section captioned "Timeliness of Application" to support his earlier (and timely filed) EAJA fee motion. (See Doc. 19 at 4).

encourages counsel to adhere to this requirement in the future.

The Court agrees with Plaintiff's counsel that his representation in this case was excellent. Counsel now seeks a total award of $10,380.25 for 16 hours of work performed in this Court, equivalent to a hypothetical hourly rate of $648.77. The Court does not take issue with the amount of time billed or the hourly rate. Both are reasonable given the facts of this case. What is of concern to the Court is the untimeliness of this motion and the lack of any explanation for the 10 month delay in filing. Under similar circumstances, when another attorney from the counsel's firm filed out-of-time fee motions after being expressly warned not to do so, both Magistrate Judge Litkovitz and the undersigned recommended the complete denial of counsel's fee requests, and two district judges have adopted those R&Rs. *See e.g., McCluskey*, R&R adopted at 2016 WL 7188586 (S.D. Ohio Dec. 12, 2016)(Beckwith, J.); *Iames*, R&R adopted at 2017 WL 567939 (Dlott, J., reiterating that "Plaintiff's counsel is cautioned a third time in the strongest possible terms that § 406(b) motions filed outside the time specified in Local Rule 54.2(b) will be DENIED").

Viewing the record as a whole, the Court recommends that counsel's fee request be reduced by 40%, or $4,152.10, leaving a total award of $6,228.15. With the reduction, the recommended award reflects a hypothetical hourly rate of $389.36 for the work performed in this Court, which is still more than twice the $170.00 hourly rate previously awarded to counsel for the same work under the EAJA. As counsel has acknowledged, in order to avoid a duplicate recovery and under controlling case law, the previously awarded EAJA fee ($3120.00) must be returned to Plaintiff. *See Jankovich v. Sec'y*, 868 F.2d 867, 871 n.1 (6th Cir. 1989). For the convenience of the parties and of the Court, the duplicate EAJA fee is applied as an offset against the award of $6,228.15.

3

**Conclusion and Recommendations**

Accordingly, **IT IS RECOMMENDED THAT**:

1. Plaintiff's motion for an award of attorney's fees under 42 U.S.C. § 406(b) (Doc. 23) should be **GRANTED only in part**. Counsel should be awarded an additional fee of **$3,108.15**, representing a reduced fee of $6,228.15 under 42 U.S.C. §406(b), and further offset by the amount of EAJA fees previously awarded by this Court;

2. <u>Plaintiff's counsel is again forewarned that any **future** untimely filing of a §406(b) motion, in violation of Local Rule 54.2(b), is extremely likely to result in the outright denial of any statutory fee</u>;

3. Counsel should explicitly address the issue of timeliness in any currently pending or future § 406(b) motions filed in this Court.

    *s/ Stephanie K. Bowman*
    Stephanie K. Bowman
    United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

BRIAN HANCOCK,                                      Case No: 1:15-cv-198

       Plaintiff,                                Barrett, J.
v.                                                  Bowman, M.J.

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).